Filed 6/27/23  P. v. Rodriguez CA2/2
Opinion following transfer from Supreme Court
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B305739 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA024452) |
| v. | |
| VIDAL RODRIGUEZ, | |
| Defendant and Appellant. | |

THE COURT:

Pursuant to the March 29, 2023, order of the California Supreme Court, we vacate our January 29, 2021, decision in this matter.  Upon reconsideration in light of *People v. Delgadillo* (2022) 14 Cal.5th 216, 232–233 & fn. 6 (*Delgadillo*), we exercise our discretion to conduct an independent review of the record. Based on that independent review, we affirm the trial court's

order denying the Penal Code section 1172.6[1] (former § 1170.95)[2] petition filed by defendant and appellant Vidal Rodriguez.

## BACKGROUND

In 1991, a jury found defendant guilty of one count of second degree murder. (§ 187, subd. (a); *People v. Riojas* (Jul. 13, 1993, B063404) [nonpub. opn.], at p. 1.) The trial court sentenced defendant to 15 years to life in state prison. (*Ibid.*) On direct appeal, we affirmed the judgment as to defendant. (*Id.* at p. 18.)

On February 18, 2019, defendant filed a petition for resentencing under section 1172.6 and was appointed counsel. The People filed an opposition to the petition which, among other things, contested the constitutionality of Senate Bill Number 1437 (2017-2018 Reg. Sess.), the bill enacting section 1172.6. The People attached multiple exhibits, including this court's opinion in defendant's direct appeal and the jury instructions given at defendant's 1991 trial. Defendant's counsel filed a reply.

On January 30, 2020, the trial court held a hearing on defendant's petition for resentencing. After receiving the record of Rodriguez's appeal and hearing argument, the court took the matter under submission.

On February 3, 2020, the trial court denied defendant's petition, finding that defendant was not eligible for relief under section 1172.6 because he was convicted as an aider and abettor and not under the natural and probable consequences doctrine or

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

a felony murder theory of liability. Defendant timely appealed from the court's order.

Counsel was appointed to represent defendant in connection with this appeal. After reviewing the record, appointed counsel filed a brief raising no issues and asking this court to independently review the entire record on appeal for arguable issues, pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel stated that she had informed defendant that he could file a supplemental brief and had sent him the transcripts of the record on appeal and a copy of the opening brief.

On September 15, 2020, we sent a notice to defendant stating the following: "Counsel appointed to represent appellant on appeal has filed an appellant's opening brief that raises no issues. ([*Wende, supra*,] 25 Cal.3d [at p.] 442.) [¶] Appointed counsel is directed to send the record of this appeal and a copy of appellant's opening brief to appellant immediately. Within 30 days of the date of this notice, appellant may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider." Defendant timely filed a supplemental brief.

On January 29, 2021, we affirmed the trial court's order denying defendant's section 1172.6 petition. (*People v. Rodriguez* (Jan. 29, 2021, B305739) [nonpub. opn.], at p. 4.) Following the procedures established in *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted October 14, 2020, S264278, we reviewed and rejected the arguments raised in defendant's supplemental brief, but did not conduct an independent review of the record. (*People v. Rodriguez, supra*, B305739, at p. 3.)

Defendant filed a petition for review with the California Supreme Court, which was granted on April 14, 2021. In an order filed on March 29, 2023, the California Supreme Court transferred the case back to this court "with directions to vacate [our] decision and reconsider whether to exercise [our] discretion to conduct an independent review of the record or provide any other relief in light of [*Delgadillo*, *supra*,] 14 Cal.5th [at pp.] 232–233 & fn. 6."

On April 3, 2023, defendant's appointed counsel filed a brief asking us to conduct an independent review of the record. On April 13, 2023, the People filed a letter urging us to affirm the judgment without further review.

## DISCUSSION

*Delgadillo* prescribed the following procedures when appointed counsel finds no arguable issues in an appeal from the denial of a section 1172.6 petition:

"(1) [C]ounsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter. [Citations.]

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. [Citations.] If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as

4

abandoned.  [Citation.]  If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter.  [Citation.] While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal. [Citations.]"  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)

Here, we provided notice to defendant before *Delgadillo* was issued.  Although our notice informed defendant of his right to file a supplemental brief, it did not inform him that his appeal could be dismissed if a supplemental brief was not filed. Additionally, the notice "affirmatively cited *Wende* after [defendant]'s counsel had filed a brief pursuant to *Wende*." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.)  Thus, "the notice in this case was suboptimal."[3]  (*Ibid.*)

Under these circumstances and "in the interest of judicial economy" (*Delgadillo*, *supra*, 14 Cal.5th at p. 222), we have exercised our discretion to undertake an independent review of the entire record on appeal.  Based on this independent review, we determine that defendant is not entitled to any relief under section 1172.6.  We are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issues exist.

---

[3]     As the People argued in their April 13, 2023 letter, these notice deficiencies are arguably harmless because defendant ultimately filed a supplemental brief, which we reviewed and addressed in our 2021 opinion.  Regardless, in the interest of thoroughness, we exercise our discretion to independently review the record of defendant's case.

**DISPOSITION**

The order denying defendant's section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.  ASHMANN-GERST, J.  HOFFSTADT, J.